JAMES DORSEY, APPELLANT, *v.* MICHAEL CUMMINGS. RESPONDENT.

*Supplementary proceedings — the failure to indorse the name of the attorney and his office and post-office address on the affidavit, is a mere irregularity — it does not justify the judge granting the order in vacating it, without giving notice to the creditor.*

After the return, unsatisfied, of an execution which had been issued upon a judgment recovered by the plaintiff against the defendant, the plaintiff made an affidavit, which was in full compliance with the requirements of sections 2435 and 2458 of the Code of Civil Procedure, and presented the same on December

10, 1887, to a county judge, who granted an order requiring the judgment-debtor to appear before a referee on the fourteenth of the same month and submit to an examination, and restraining him from disposing of his property, which order was, on the same day, duly and personally served on the defendant. Afterwards, on the same day, on the *ex parte* application of the defendant, the judge granted an order dismissing the proceedings upon the sole ground, as stated in the order, that " the affidavit and order this day served, is not indorsed or subscribed with the name of the said plaintiff, appearing in person, and his office and place of address."

*Held,* that it was error to dismiss the proceedings for that reason.

That it was not necessary to make the indorsement upon the papers intended to be filed or served prior to their presentation to the judge, as this could have been done at any time prior to the service, and that even if the first service was irregular, another proper service could have been made, supplying the omission, before the return day of the order.

That the Code of Civil Procedure did not confer upon a judge at chambers, on an *ex parte* application, the power to dismiss the proceedings or to make an order affecting the substantial rights of the prosecuting creditor, without giving notice of the application to him.

APPEAL from an order made by the special county judge of Monroe county, denying the plaintiff's motion to vacate and set aside an *ex parte* order previously granted by him, vacating an order in supplementary proceedings requiring the defendant to appear before a referee and submit to an examination concerning his property, which order also contained a clause restraining the defendant from disposing of his property.

After the return of an execution unsatisfied, the plaintiff made an affidavit which was in full compliance with the requirements of sections 2435 and 2458 of the Code, presented the same on the 10th day of December, 1887, to the said judge, who granted an order thereon requiring the judgment-debtor to appear before a referee on the fourteenth of the same month and submit to an examination. This order was duly and personally served on the defendant the same day. Afterwards and on the same day, on the *ex parte* application of the defendant, the judge granted an order dismissing the proceedings upon the sole ground, as stated in the order of dismissal, " that the affidavit and order this day served is not indorsed or subscribed with the name of the said plaintiff appearing in person, and his office and place of address." On the fourteenth of December the plaintiff made a motion to vacate and set aside the last-named order, which was denied.

*James Murphy*, for the appellant.

*Henry J. Sullivan*, for the respondent.

BARKER, P. J.:

The evidence presented to the special county judge was in full compliance with the requirements of the statute, and gave the judge jurisdiction over the subject-matter, and by the personal service of the order he also acquired jurisdiction over the person of the defendant. The omission to give the office address or place of business of the plaintiff, who appeared in person, as required by standing rule No. 2, was a mere irregularity occurring after the order was properly granted; and it was error to dismiss the proceedings for that reason. It was not necessary to make the indorsement upon the papers intended to be filed or served prior to their presentation to the judge. That formal and clerical act could have been done at any time prior to the service. If the service of the order was not good and sufficient, because the same was not properly indorsed, the plaintiff could have made another service of a copy of the original order, supplying the omission, before the return day named in the order, and thus keep the proceedings on foot. The rule was enacted for the convenience of the opposing party and his attorney; and a non-compliance therewith is a mere irregularity, and does not necessarily vitiate the service of the order. (*Evans* v. *Backer*, 101 N. Y., 291; *Clapp* v. *Graves*, 26 id., 418.)

The pending proceedings were of importance to the plaintiff, and their dismissal, if allowed to stand, may defeat the collection of the plaintiff's judgment. The only relief to which the defendant was entitled, in consequence of a non-compliance with the rule, was to have the service of the order set aside, and that could only be done upon notice to the plaintiff. By section 2433 it is declared that an order made in the course of the proceedings can only be reviewed in the way and manner therein provided, which is as follows: "An order, made by a judge, out of court, may be vacated or modified by the judge who made it, as if it was made in an action; or it, or the order of the judge vacating or modifying it, may be vacated or modified upon motion, by the court out of which the execution was issued." No power is here given to the judge to vacate or modify an order previously made by him on an *ex parte* application. The

provisions of section 772, which permits a judge, in particular instances, to vacate or modify orders previously granted by him, without notice to the adverse party, do not apply to these proceedings as they relate to orders granted in actions before final judgment. The remedies granted by the statute are denominated special proceedings, and are original in their character and intended as a substitute for an action in the nature of a creditor's bill, and should not be dismissed, when properly instituted, except for the most substantial reasons. I cannot think that the legislature intended to confer upon a judge at chambers, on an *ex parte* application, the power to dismiss the proceedings or to make an order affecting the substantial rights of the prosecuting creditor without giving notice of the application. The order dismissing the proceedings should have been set aside for the reason that it was irregularly as well as erroneously granted.

The order appealed from is reversed and the order dismissing the proceedings is vacated and set aside with ten dollars costs and disbursements.

All concur.

Order reversed and motion to set aside order vacating proceedings granted, with ten dollars costs and disbursements of this appeal.